IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FLASHMARK TECHNOLOGIES LLC, JOHNSEN LIVING TRUST, BY AND THROUGH TRUSTEE MEREDITH RULAND, ERIC JOHNSEN, EDWARD JOHNSEN, JR., IN HIS PERSONAL CAPACITY AND AS EXECUTOR OF THE ESTATE OF EDWARD L. JOHNSEN, SR., JENNIFER GOODFELLOW, LORI KIRBY, AND CATHERINE JOYCE. | § § § § § § § § § § § § § § § § § | Civil Action No. 2:06-CV-205<br><br>JUDGE RON CLARK |
| *Plaintiffs*, | | |
| v. | | |
| GTECH CORPORATION and GTECH HOLDINGS CORPORATION, | | |
| *Defendants*. | | |

**MEMORANDUM AND ORDER ON DEFENDANTS' SECOND
MOTION TO COMPEL PURSUANT TO FED. R. CIV. P. 37**

Defendants' GTECH Corporation and GTECH Holdings Corporation (collectively "GTECH") Motion to Compel [Doc. #121] is referred to the undersigned for a determination. The motion seeks to compel Plaintiffs Flashmark Technologies, LLC, et. al., (collectively "Flashmark") to produce previously redacted documents. GTECH argues that relevant evidence was redacted from these documents and/or that no privilege exists to protect these documents from discovery.

Flashmark claims that the information requested is protected by a privilege and/or is irrelevant. After performing an *in camera* review of the documents, for the reasons stated below,

GTECH's Motion to Compel is granted in part and denied in part.

## I. Applicable Law

In general, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Information that is privileged is specifically exempted from discovery. Fed. R. Civ. P. 26(b)(5).

In patent cases, the Federal Circuit applies its own law when the issue pertains to patent law and bears an essential relationship to matters committed to the Federal Circuit's exclusive jurisdiction by statute. *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803 (Fed. Cir. 2000). The issue of whether attorney-client or work product privileges apply to communications or documents relating to a litigated patent implicates a substantive patent issue. *Id.* at 804. Regional law, however, applies to the procedural question of whether and when a waiver of the attorney-client or work product privilege exists. *GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001)(citing *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999)).

### 1. Attorney-Client Privilege

In defining the elements of the attorney-client privilege, while not specifically stated by the Federal Circuit, courts have relied on the formulation of the privilege by Wigmore. These elements have been summarized as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.

*See*, *e.g.*, *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998); *U.S. v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997) *quoting* 8 John Henry Wigmore, Evidence in Trials at Common Law § 2292 at 554

(McNaughton rev. 1961).  The central inquiry with respect to whether the attorney-client privilege exists is whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice or services.  *Upjohn Co. v. United States*, 449 U.S. 383, 386 (1981).  The burden of demonstrating the applicability of the privilege rests on the party who invokes it.  *Hodges, Grant & Kaufmann v. United St*ates*,* 768 F.2d 719, 721 (5th Cir. 1985).

**2.  Work Product Privilege**

The Federal Rules of Civil Procedure address work product privilege with the following language:

> *(3) Trial Preparations: Materials.*
>
> Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial *by or for another party or by or for that other party's representative* (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. P. 26(b)(3)(emphasis added).  Included among the documents and tangible things mentioned in the rule are memorandums, letters and emails.  *In re Echostar Commc'ns Corp.*, 448 F.3d 1294, 1301 (Fed. Cir. 2006).  Work product immunity is not absolute.  *Id.*  It is a qualified privilege.  *Id.*  A party showing "substantial need of the materials in preparation for [its] case" and an inability "without undue hardship to obtain the substantial equivalent" may discover factual and non-opinion work product that does not disclose the "mental impressions, conclusions, opinions or legal theories of an attorney or other representative."  *Id.* at 1302.  Again, as with attorney-client privilege, the burden of demonstrating applicability of work

product privilege rests on the party invoking it. *Hodges*, 768 F.2d at 721.

## II. Analysis

**1. Documents for which no Privilege is Asserted**

Plaintiffs make no claims of privilege regarding the documents contained in Defendants' Exhibits 1 and 2.[1] Rather, Plaintiffs redacted portions which they felt were not relevant.

In discovery, "relevant has been construed broadly to encompass any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct 2380, 2390 (1978). The parties submitted several hundred pages of documents for review by the court. The documents in question mostly relate to personal information and correspondence which have no bearing on this case.[2]

This is the third discovery dispute in less than two months. However, none of the documents at issue are claimed to be privileged and if Defendants wish to waste their resources and wade through the documents at their own cost, the court will not stop them. Outside counsel, therefore, may inspect the documents at a place designated by Plaintiffs. If Defendants find a document they consider to be relevant, they should consult with Plaintiffs, and failing that, may ask the court to intervene on that specific document. All of the information is subject to the protective order and may only be revealed by agreement of the parties or by court order. The court cautions the parties about

---

[1] Except for five documents (FLASH 54452, 54460, 54466, 56074, 56072) where Flashmark has informed the court that these documents are emails between Johnsen and his attorneys. There is no evidence that Flashmark has waived any privilege regarding these emails and as such these documents remain protected by attorney-client and/or work product privilege.

[2] For example, FLASH 50048 describes a planned trip to a landfill, and FLASH 50351 describes a trip to Cabo San Lucas, Mexico.

further discovery disputes over these documents.

## 2. Documents for which Privilege is Asserted [3]

### a. Attorney-Client Privilege

In their Privilege Log, Plaintiffs assert that the attorney-client privilege specifically protects from discovery the emails and documents listed in Defendants' Exhibit 3. In their response, however, Plaintiffs have not produced evidence that the documents listed were transmitted between an attorney and a client for the purpose of securing legal advice. The court finds that Plaintiffs failed to show the attorney-client privilege applies to any of these documents.

### b. Work Product Privilege

Plaintiffs assert that work product privilege protects from discovery all documents in Exhibits 3 and 4 in Defendants' Motion. The parties do not dispute that these documents were made in anticipation of litigation. Defendants argue that the qualified privilege of Rule 26(b)(3) is not applicable because the documents were either created by or for non-attorneys.

The clear language of Rule 26(b)(3) invalidates this argument. The work product privilege applies if the document was prepared "by or for another party or by or for that party's representative." Fed. R. Civ. P 26(b)(3); *see* 1970 Advisory Committee Note to Rule 26(b)(3) ("Subdivision (b)(3) reflects the trend of the cases by requiring a special showing, not merely as to materials prepared by an attorney, but also as to materials prepared in anticipation of litigation or

---

[3] Plaintiffs claim attorney-client privilege and/or work product privilege and/or common legal interest privilege for all documents contained in Exhibits 3 and 4 of Defendants' Motion. For the reasons stated in this court's prior orders, the common legal interest itself is not an independent privilege.

preparation for trial by or for a party or any representative acting on his behalf."); *see also In re Grand Jury Proceedings*, 43 F.3d 966, 972 (5th Cir. 1994) ("In contrast to the attorney-client privilege, the work product privilege belongs to both the client and the attorney, either one of whom may assert it.") After an *in camera* inspection of the documents in question, the court finds that each was at least created by a named plaintiff to the suit. Therefore, the court finds that Plaintiffs have met their burden of establishing that the work product privilege applies to these documents. Because Defendants did not show that this privilege was waived,[4] or that a substantial need exists to examine these documents, Defendants Motion to Compel production of the documents in Exhibits 3 and 4 is denied.

### III. Conclusion

IT IS THEREFORE ORDERED that Defendants' Motion to Compel **[Doc. # 121]** is **GRANTED IN PART** and **DENIED IN PART.**

IT IS ALSO ORDERED that, if Defendants so request by August 31, 2007, Plaintiffs shall allow, at a time and place of Plaintiffs' choosing, outside counsel to review the unredacted documents from Defendants' Exhibit 1 (FLASH Document Nos. 47232-34, 47235-40, 47248-50, 47251-52, 47253-54, 47255-56, 47257-58, 47259-60, 47261-63, 47264-66, 47267-68, 47269-71, 47272-74, 48833-36, 48854-55, 49143-44, 49148-52, 50025-27, 50357-59, 50385-86, 54687-88 and 55118-19) and the unredacted documents from Defendants' Exhibit 2 (FLASH Doc Nos. 47216-17, 47241-44, 47245-47, 47279-80, 48837-41, 48842-47, 48848-53, 49070-73, 49140-42, 49145-52,

---

[4] Except for the five emails between Johnsen, Jr. and Mac Harrison, dated 04/05/06, 04/08/06, 04/13/06, 04/15/06 and 04/15/06 which Plaintiffs have admitted in their Response to voluntarily disclosing to Defendants. Such disclosure is waiver any privilege applicable to these documents.

49153-58, 49159-60, 49161-63, 49164-65, 49166-68, 49833-35, 49836-37, 49851-52, 49853-54, 49855, 49856, 49857-61, 49862-63, 49864-65, 49891-92, 49899, 50006, 50024, 50042-45, 50046-50, 50054-56, 50094-96, 50097-99, 50324-26, 50344-47, 50351-54, 50355-56, 50360-61, 50423-24, 50425-26, 50427-28, 54762-63, 54779-80, 55118-19, 55114-48, 55245-47 and 55301-02).

If Defendants find a document they consider to be relevant, they should consult with Plaintiffs, and failing that, may ask the court to intervene as to that specific document. All of the information is subject to the protective order and may only be revealed by agreement of the parties or by court order.

This case continues to have a high number of discovery disputes. The court reminds counsel of their duty under local rule AT-3 and Fed. R. Civ. P. 37 to work in good faith to resolve such disputes extrajudicially. The parties are cautioned about future discovery disputes and are notified that sanctions against one, or both, parties may attend any such future disputes.

**SIGNED this the 6th day of August, 2007.**

                                                  KEITH F. GIBLIN
                                                UNITED STATES MAGISTRATE JUDGE